# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JESUS CASTRO-CRUZ,**

    **Plaintiff,**

    v.

**MUNICIPIO DE CAGUAS,** *et al.*,

    **Defendants.**

**Civil No. 16-1756 (ADC)**

## OPINION AND ORDER

On March 31, 2017, the Court dismissed pro se plaintiff Jesús Castro-Cruz's ("Castro" or "plaintiff") complaint against co-defendants Commonwealth of Puerto Rico ("Commonwealth"), the Office of Training and Advisory on Labor Affairs and Human Resources Management ("OCALARH"), and Harry O. Vega-Díaz ("Vega") in his official capacity as Director of OCALARH (collectively "the appearing co-defendants"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* **ECF No. 32**. The Court wholly incorporates by reference its opinion and order in that respect, as well as the order denying Castro's motion seeking reconsideration, to avoid repetition. *Id.*, **ECF No. 46**; *see also* the amended judgment at **ECF No. 50**. Now, after careful consideration of the parties' pending motions and the case's record, the Court grants the joint motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) by the remaining co-defendants-- Autonomous Municipality of Caguas ("Caguas") and its mayor,

William Miranda Torres ("Miranda")—thus dismissing the case's remaining claims. **ECF No. 21; see ECF Nos. 20, 28, 32, 46, 50 64, 65**.

I.   **FACTUAL BACKGROUND**

As alleged by plaintiff, Caguas appointed him in 2006 to a career position as Tree Management Crew Leader, where he remains to this date. **ECF No. 1**, ¶¶ 5, 10. However, he considers the position to be misclassified as non-supervisory. *Id*. Additionally, he alleges that in accordance with Puerto Rico Acts No. 213 of 1999 and No. 184 of August 3, 2004,[1] Caguas is required to create the position of Municipal Planting Professional, and that he should be appointed to that new position. *Id.*, ¶¶ 5, 10, 15. Plaintiff further alleges that Caguas has discriminated against him because of his age and race in their failure to classify properly his current job and to create and appoint him to the new position. *Id.*, ¶ 5. Moreover, Castro filed an amended complaint whereby he added a claim of political discrimination based on an alleged "political patronage system" to fill positions. **ECF No. 17** at 1.

He filed a charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") against Caguas for employment discrimination and retaliation due to his color and age. **ECF Nos. 1** at 9; **1-3** at 51 to 54. However, the EEOC dismissed the charge and issued a notice of rights, informing Castro that his case had been closed because his "charge was

---

[1] P.R. Laws Ann. tit. 12, § 131 et seq. (1999), known as the Urban Forests Act ("Law 213"); and P.R. Laws Ann. tit. 3, § 1461 et seq. (2004), known as the Public Service Human Resources Administration Act of the Commonwealth of Puerto Rico" ("Law 184").

not timely filed with EEOC; in other words, [he] waited too long after the date(s) of the alleged discrimination to file [his] charge." **ECF No. 1-3** at 1. Furthermore, he has pursued multiple related communications with, and administrative claims before, Caguas, the Public Service Appellate Commission, and OCALARH regarding the alleged misclassification of his current job and the request for the creation of a new position that are object of the complaint in this case. *Id.*, ¶¶ 5, 9-11.

Plaintiff alleges that Caguas retaliated against him for his complaints regarding the municipality. *Id.*, ¶ 5. Additionally, he avers that the alleged acts and omissions by all co-defendants violated his due-process and equal protection rights under the United States Constitution. **ECF No. 1**, ¶¶ 9-11.[2] He claims over one million dollars in monetary damages against the appearing co-defendants plus injunctive relief, which entails ordering Caguas to reclassify his current job as supervisory, adjusting his salary accordingly, creating a new job as Municipal Planting Professional, and appointing him to the same. *Id.*, ¶¶ 13, 15; **12** at 3.

## II. LEGAL STANDARD

As provided under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Additionally, "[a] motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss" for failure to state a claim upon which relief can be granted. *Pérez-Acevedo v. Ribero-Cubano*, 520 F.3d

---

[2] Even though plaintiff alleges violations of due process and equal protection rights, plaintiff states in his complaint that "I do not know if there is federal jurisdiction" in this case. **ECF No. 1** ¶ 10.

26, 29 (1st Cir. 2008). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [Plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Rule 12(c), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *See Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). Courts need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Applying these principles, particularly the plausibility analysis, is a context-specific task that requires courts to use their judicial experience and common sense. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555-56).

## III. DISCUSSION

A. Plaintiff Fails to State a Claim Against Caguas and Miranda for Alleged Violation of Due Process and Equal Protection Rights.

The Court holds, pursuant to Fed. R. Civ. P. 12(c), that Castro fails to state an actionable claim against Caguas and Miranda for alleged violations of due process and equal protection rights under the Constitution of the United States for the same reasons as stated in its prior Opinion and Order dismissing said causes of action as to co-defendants Commonwealth, OCALARH, and Vega. *See* **ECF No. 32** at 9-14.

B. The Court Lacks Subject Matter Jurisdiction Over Castor's Claims of Employment Discrimination and Retaliation Under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

The timely filing of an administrative charge is a prerequisite to a federal law suit for employment discrimination under Title VII and ADEA. *Franchesci v. U.S. Dept. of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008); *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005). As such, "a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." *Jorge*, 404 F.3d at 564. As summarized above, the EEOC dismissed Castro's charge of employment discrimination based on age, color and for alleged retaliation due to his tardiness in filing said charge. Furthermore, the complaint is devoid of any allegation in support of equitable tolling. *See* **ECF Nos. 1, 17**. Accordingly, the Court is precluded from entertaining Castro's claim of employment discrimination and retaliation due to color and age because of his

failure to adequately exhaust administrative remedies. *See Franchesci*, 514 F.3d at 85; *Jorge*, 404 F.3d at 564.

    C.    Castro Fails to State an Actionable Claim of Age, Color, and/or Political Discrimination Against Caguas and Miranda.

Even assuming, arguendo, that Castro had opportunely exhausted administrative remedies, the Court holds that plaintiff failed to plead a plausible claim that warrants any relief for age, color, and/or political discrimination. Under the burden-shifting test pursuant to *McDonnell Douglas v. Green*, 411 U.S. 792, 802-805 (1973) ("*McDonnell Douglas*"), absent direct evidence to establish a prima facie case of discrimination or retaliation, a claimant has to show that: (1) he/she belongs to a protected category and/or engaged in a protected conduct; (2) he/she suffered an adverse employment action; and (3) there was a causal connection between membership in the protected category and/or the protected conduct and the adverse employment action. *Freadman v. Metro Prop. & Cas. Ins. Co.*, 484 F.3d 91, 106 (1st Cir. 2007).[3] In turn, the defendant must articulate a legitimate, non-retaliatory reason for the adverse action, in which case, plaintiff must establish that the proffered reason was pretextual. *Collazo. v. Bristol-Myers Squibb Mfg., Inc.*, 617 F.3d 39, 46 (1st Cir. 2010).

---

[3] In the case of age discrimination claims under the ADEA in particular, a prima facie case entails "demonstrating that: (1) plaintiff is a member of the protected age group (i.e. at least forty (40) years of age); (2) plaintiff was qualified for the position in question; (3) despite being qualified, plaintiff was adversely affected; and (4) someone younger, with similar or lesser qualifications, was treated more favorably." *Rodríguez-Fonseca v. Baxter Healthcare Corp. of Puerto Rico*, 899 F. Supp.2d 141, 148 (D.P.R. 2012).

An adverse employment action that meets the standard of a prima facie case of employment discrimination "typically involves discrete changes in the terms of employment, such as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" *Morales–Vallellanes v. Potter*, 605 F.3d 27, 35 (1st Cir. 2010) (quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998)). To be adverse, an employment action "must materially change the conditions of plaintiffs' employ." *Id.* (quoting *Gu v. Bos. Police Dep't,* 312 F.3d 6, 14 (1st Cir.2002)) (internal quotation marks omitted). *Id.* (quoting *Burlington Indus.,* 524 U.S. at 761) (internal quotation mark omitted).

Moreover, a claimant of political discrimination under 42 U.S.C. § 1983 "must establish four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action. *Méndez-Aponte v. Bonilla*, 645 F.3d 60, 64–65 (1st Cir. 2011). If this showing is made, the defendant has the opportunity to show "by a preponderance of the evidence that it would have reached the same decision as to ... [the adverse employment action] even in the absence of the protected conduct." *Id*. (citing *Mt. Healthy City School District Board of Education v. Boyle*, 429 U.S. 274, 287 (1977)).

In the instant case, plaintiff has failed to adequately plead that he is a member of a protected group by virtue of age or color. Specifically, as correctly asserted by Caguas and

Miranda, "[p]laintiff has not pled his age in the [c]omplaint and has not pled that he is [a] member of the protected age group under the ADEA[,] nor has he pled the ages of any of the other individuals who allegedly benefitted at his expense or their qualifications in comparison to the plaintiff's." **ECF No. 20** at 29. Caguas and Miranda further aver correctly that plaintiff has failed to adequately plead any of the other three elements of a prima facie case of age discrimination under the ADEA. Specifically, "plaintiff has failed to plead in the [c]omplaint that . . . "despite [ ] being qualified for the position he was competing with a younger person for, plaintiff was adversely affected and that the younger person[ ] with similar or lesser qualifications was treated more favorably." *Id*.

Regarding plaintiff's claim of discrimination on the basis of color, Caguas and Miranda rightly assert that Castro has failed to adequately plead the first element of a prima facie case under *McDonnell Douglas* because he failed to plead his race or his color. *Id*. at 31. He also failed to adequately plead the second element of a prima facie case-- "[j]ust because someone else got a promotion does not mean that the plaintiff suffered an adverse employment action[.] [T]he [co]mplaint nowhere states that the plaintiff competed against anyone of a different race or color for any particular position and the person who got the position competed for was equally or less qualified than the plaintiff." *Id.* On the contrary, Castro alleges in the complaint that he continues to occupy his career position as Tree Management Crew Leader with Caguas and provides no indicia that he was subject to material changes in his working conditions that amounted to an

adverse employment action under the above legal standards, much less that such action was due to his age and/or color. *See* **ECF Nos. 1, 17**.

Finally, plaintiff fails to plead a plausible claim of political discrimination. That is, as Caguas and Miranda rightly contend, even though Castro alleges in his amended complaint that Caguas had in place a political patronage system for filling positions,

> plaintiff fails to plead that Caguas or any municipal employee or actor took any actions against [Castro] for reasons of political discrimination. In the [a]mended [c]omplaint, plaintiff has not pled that he even has a political [a]ffiliation, much less[ ] what such affiliation is or any reasoned bases that anyone at [Caguas] would plausibly have had knowledge of such political affiliation, nor does the amended complaint even state that the [p]laintiff himself has ever been a subject of such alleged political discrimination.

**ECF No. 20** at 44.

## IV.   CONCLUSION

In his complaint, Castro failed to plead any plausible claim of employment discrimination due to age, color, political affiliation, or any other reason under law. His allegations in that respect amount to "bald assertions [and] unsupportable conclusions" that do not "raise a right to relief above the speculative level." *Aulson*, 83 F.3d at 3; *Twombly*, 550 U.S. at 559. Thus, pursuant to applicable standards under Fed. R. Civ. P. 12(c), the Court **GRANTS** Caguas and Miranda's motion for judgment on the pleadings, **ECF No. 21.** Accordingly, plaintiff's federal claims of employment discrimination and retaliation due to age and color

under ADEA and Title VII, respectively, and for political discrimination under 42 U.S.C. § 1983 against co-defendants Autonomous Municipality of Caguas ("Caguas") and its mayor, William Miranda Torres, is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's motions requesting an order at **ECF Nos. 64, 65** are **MOOT.**

Finally, having dismissed the federal claims against the appearing co-defendants, the Court hereby declines to exercise its supplemental jurisdiction regarding plaintiff's claims under Puerto Rico law against said parties. *See* 28 U.S.C. § 1367; *González-de-Blasini v. Family Dept.*, 377 F.3d 81, 89 (1st Cir. 2004). As such, the Court hereby **DISMISSES WITHOUT PREJUDICE** plaintiff's claims under Puerto Rico Law against the appearing co-defendants—namely, his claims under Laws 213 and 184, as well as his retaliation claim under Act No. 115 of December 20, 1991, 29 L.P.R.A. § 194.

The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of July, 2019.

                                                             **S/AIDA M. DELGADO-COLÓN**
                                                             **United States District Judge**